FILED
 2022 Feb-01 PM 02:15
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **GARY SELBY,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 4:21-CV-0148-CLS |
| | ) |
| **KILOLO KIJAKAZI, Acting** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Gary Selby, commenced this action on March 22, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Claimant asserts that the Appeals Council failed to review new evidence dated after the date of the ALJ's decision.[1] Upon review of the record, the court concludes that claimant's contention lacks merit.

The ALJ issued an unfavorable decision denying claimant benefits on January 10, 2020. Claimant alleged that he had been disabled since May 31, 2014. The ALJ found that the last date on which claimant was insured for purposes of his disability determination was December 31, 2019, meaning that claimant had to establish that he was disabled on or before that date in order to qualify for a period of disability and disability insurance benefits. The ALJ determined that claimant suffered from the severe impairments of spine disorder and osteoarthritis, but that he retained the residual functional capacity to perform work at the medium exertional level, with certain limitations. Claimant sought review of the decision by the Appeals Council, which was denied on December 14, 2020.

Claimant's sole contention on appeal is that the Appeals Council improperly failed to consider: records from David Francis, M.D., dated February 5 and March

---

[1] Doc. no. 7 (Memorandum in Support of Disability), at 1 ("The Appeals Council failed to review new, material, and chronologically relevant, post decision treatment records and a physical capacity evaluation because they were dated after the date of the ALJ decision, without considering if the submissions were chronologically relevant.").

3, 2020; records from Russell Ellis, M.D., of DOC Orthopaedic and Sports Medicine, dated February 18 and March 2, 2020; and, a physical capacities form completed by David Francis, M.D., dated March 3, 2020.[2] All of that evidence was submitted for the first time on appeal.

> "With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. § 416.1470(b). But the Appeals Council "must consider new, material, and chronologically relevant evidence" that the claimant submits. *Ingram*, 496 F.3d at 1261; *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b).

*Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1320 (11th Cir. 2015).

The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.* at 1321 (alteration supplied, citations omitted); *see also Pupo v. Commissioner, Social Security Administration*, 17 F.4th 1054, 1063 (11th

---

[2] Tr. 2. Claimant also submitted medical records from Dr. Francis dated April 23 and June 27, 2019, as well as the hearing transcript, but he does not challenge the Appeals Council's treatment of those records. *Id.*

Cir. 2021).

With regard to the new medical evidence at issue, the Appeals Council observed that the ALJ decided claimant's case through December 31, 2019, the date on which he was last insured for disability benefits, and held that the "additional evidence does not relate to the period at issue.  Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2019."[3]

Contrary to claimant's assertion, the Appeals Council did not actually *fail* to consider the newly submitted evidence, but rather considered it and determined that review of the ALJ's decision was not warranted because the evidence was not relevant to the pertinent time period.  Accordingly, claimant's reliance on *Washington* and *Pupo* is misplaced.

Instead, the relevant standard was announced by the Eleventh Circuit in *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1261 (11th Cir. 2007), and subsequently elucidated in the unpublished decision in *Smith v. Astrue,* 272 F. App'x 789 (11th Cir. 2008):

> When a claimant submits new evidence to the [Appeals Council], the district court must consider the entire record, *including the evidence submitted to the [Appeals Council]*, to determine whether the denial of benefits was erroneous.  *Ingram,* 496 F.3d at 1262.  Remand is

---

[3] *Id.*

> appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the* [*Appeals Council*], in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith,* 272 F. App'x at 802 (alterations and emphasis supplied).

The Eleventh Circuit addressed a very similar case in *Hargress v. Social Security Administration, Commissioner*, 883 F.3d 1302 (11th Cir. 2018). There, the Court noted:

> If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant. 20 C.F.R. §§ 404.900(b), 416.1400(b); *see also Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015). Evidence is material if a reasonable possibility exists that the evidence would change the administrative result. *Washington*, 806 F.3d at 1321. New evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b) (2016). The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence," including the new evidence. *Ingram* [*v. Commissioner of Social Security Administration*], 496 F.3d [1253,] at 1261 [(11th Cir. 2007)].

*Hargress v. Social Security Administration, Commissioner*, 883 F.3d 1302, 1309 (11th Cir. 2018) (alterations supplied).

In *Hargress*, the claimant, like the claimant here, submitted to the Appeals Council medical records dated after the date of the ALJ's decision and claimant

5

contended on appeal that the Appeals Council failed to consider whether the evidence was chronologically relevant. *Id.* The Appeals Council had stated that the new records "were about a later time" than the date of the ALJ's decision, and, accordingly, did not affect that decision. *Id.* The Eleventh Circuit concluded: "In short, the Appeals Council declined to consider these new medical records because they were not chronologically relevant. The Appeals Council was not required to give a more detailed explanation or to address each piece of new evidence individually." *Id.* (citing *Mitchell v. Commisioner, Social Security Administration*, 771 F.3d 780, 784 (11th Cir. 2014). Similarly, in the present case, the Appeals Council stated:

> You submitted records from David Francis, MD, dated February 5, 2020 to March 3, 2020 (5 pages), records from DOC Orthopaedic and Sports Medicine, dated February 5, 2020 to March 2, 2020 (36 pages), and a physical capacities form from David Francis, MD, dated March 3, 2020 (1 page). The Administrative Law Judge decided your case through December 31, 2019. *This additional evidence does not relate to the period at issue.* Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2019.

Tr. 2 (emphasis supplied). The court concludes this statement shows that the Appeals Council considered the newly submitted evidence, but determined remand to the ALJ was not warranted because the new evidence was not chronologically relevant.

The Eleventh Circuit in *Hargress* further held, after reviewing the new medical

6

evidence substantively, that it was not chronologically relevant. *Hargress*, 883 F.3d at 1309. The Court of Appeals found significant the fact that the new records did not indicate that the medical providers had considered Hargress's past medical records. *Id.* Hargress also submitted a physical capacities form indicating that her limitations dated back to the relevant time period, but the Court of Appeals observed that the physician who completed the form did not begin treating Hargress until two years after that date. *Id.* Further, nothing on the form or in other records showed that the physician's opinion was based on a review of her past medical records. *Id.*

Likewise, the new medical evidence submitted by claimant did not indicate that the physicians preparing the reports had reviewed claimant's past medical records. Dr. Francis's February 5, 2020 report records that claimant had pain in his shoulder, right knee, and back, with his last severe back "flare" two weeks prior to that date.[4] He was prescribed ibuprofen and referred to orthopedic surgeon Russell Ellis, MD.[5]

On February 18, 2020, claimant saw Dr. Ellis at DOC Orthopaedics and Sports Medicine.[6] He complained of shoulder pain.[7] Dr. Ellis noted his range of motion to be within normal limits, and x-rays revealed mild arthritic change at the right AC

---

[4] Tr. 30-31.
[5] *Id.* at 31-32.
[6] *Id.* at 35-37.
[7] *Id.* at 35.

joint, but no other abnormality.[8]  He was prescribed Mobic and a home exercise program, and was told to return in six weeks.[9]

Claimant returned to Dr. Ellis on March 2, 2020.  During this visit, claimant reported back and knee pain.[10]  Dr. Ellis examined claimant's back and noted limited range of motion.[11]  His knees had normal range of motion.[12]  X-rays of claimant's back showed degenerative changes and disc facet joints at multiple levels, and x-rays of his knees revealed "perhaps some slight arthritic change."[13]  He was instructed to continue Mobic, and was provided with education and home exercise programs for his back and knees.[14]

Claimant again saw Dr. Francis on March 3, 2020.[15]  Dr. Francis reviewed Dr. Ellis's notes and discussed them with claimant.[16]  He did not make any findings.[17]

On that same date, Dr. Francis completed a "physical capacities form."[18]  He

---

[8] Tr. at 36.
[9] *Id.*
[10] *Id.* at 40.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 41.
[14] *Id.*
[15] Tr. at 28.
[16] *Id.*
[17] *Id.* at 28-29.
[18] *Id.*

noted that: claimant could stand for one hour; could be expected to be lying down, sleeping, or sitting with legs propped up due to his medical condition for four hours per day; would be off-task fifty percent of an eight-hour day; would be absent from work due to his physical symptoms five days of a thirty-day period; that he could occasionally lift up to ten pounds; and, never lift more than ten pounds.[19] Dr. Francis checked a box indicating that the limitations existed on May 31, 2014 — *i.e.*, the date that claimant alleged he became disabled.[20] Dr. Francis did not provide the basis for the opinion recorded on that form, and did not indicate that he had reviewed claimant's past medical records.

These medical records do not relate to the period before the date on which claimant was last insured — *i.e.*, December 31, 2019 — with the possible exception of the physical capacities form. The other records are notes relating to claimant's conservative treatment for back, knee, and shoulder pain, but concerned his physical condition after the date last insured. Accordingly, the Appeals Council properly determined that they were not chronologically relevant.

With respect to the physical capacities form, while Dr. Francis noted that the limitations existed as of May 31, 2014, he did not begin treating claimant until April

---

[19] Tr. at 25.
[20] *Id.*

9

23, 2019.[21]  Dr. Francis did not state that he had reviewed claimant's past medical records from the relevant time period in order to form his opinion.  Therefore, the physical capacities form cannot be considered to relate to the period on or before the date on which claimant was last insured, and the Appeals Council did not err in denying review.

Finally, claimant devotes a large portion of his brief arguing that the ALJ did not give proper weight to the opinions of the claimant's treating physicians. However, he did not raise that issue on appeal.

Based on the foregoing, the Commissioner's finding that claimant is not disabled was supported by substantial evidence and in accordance with applicable law.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk of Court is directed to close this file.

DONE this 1st day of February, 2022.

_____
Senior United States District Judge

---

[21] Tr. 326.